**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 10, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: March 10, 2010**

Arthur I. Harris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In re: | ) | Case No. 03-26845 |
|---|---|---|
| | ) | |
| Aesha L. Johnson, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

On March 2, 2010, this Court heard argument on the Chapter 7 trustee's emergency motion to reopen this Chapter 7 case and his motion to vacate his prior abandonment of the estate's restitution claim against the debtor. For the reasons that follow, both motions will be held in abeyance until March 26, 2010, pending the Chapter 7 trustee's decision on whether to request an evidentiary hearing. If by March 26, 2010, the Chapter 7 trustee does not file a request for an evidentiary hearing, both motions will be denied. If the Chapter 7 trustee requests an

---

[1] This memorandum of opinion is not intended for official publication.

evidentiary hearing, the Court will issue an order scheduling the evidentiary hearing.

## BACKGROUND

On December 23, 2003, the debtor, Aesha Johnson, initiated this bankruptcy case by filing a petition under Chapter 13 of the Bankruptcy Code. On June 28, 2004, the Court granted the Chapter 13 trustee's motion to convert the debtor's case to a case under Chapter 7 for cause pursuant to 11 U.S.C. § 1307(c). On September 24, 2004, the Chapter 7 trustee filed an adversary complaint against the debtor. The adversary complaint alleged that the debtor's discharge should be denied for the debtor's failure to comply with an order directing that she appear for examination by the Chapter 7 trustee. On February 4, 2005, the Court entered a default judgment against the debtor and denied her discharge pursuant to 11 U.S.C. § 727(a)(6). On April 27, 2005, the Chapter 7 trustee filed a no asset report, and the debtor's case was closed on May 12, 2005.

On July 1, 2008, the debtor was indicted by a federal grand jury in the U.S. District Court for the Northern District of Ohio (Case No. 1:08CR282). The indictment alleged two counts of bankruptcy fraud, two counts of concealment of assets in bankruptcy, and one count of fraudulent transfer in contemplation of bankruptcy. On November 25, 2008, the debtor pleaded guilty to one count of

2

03-26845-aih    Doc 119    FILED 03/10/10    ENTERED 03/10/10 15:09:02    Page 2 of 8

concealment of assets in bankruptcy pursuant to a plea agreement. On November 26, 2008, U.S. District Judge Sara Lioi entered a criminal judgment, which included an order to pay restitution in the amount of $14,747.05. The criminal judgment included the following provision: "If the Bankruptcy case is not reopened and the motion to reopen is denied with prejudice, a joint motion to vacate the restitution order shall be filed by the parties."

In the meantime, the United States Trustee filed a motion to reopen the debtor's bankruptcy case on October 17, 2008. The United States Trustee argued that, in light of the debtor's guilty plea to concealment of bankruptcy assets, the debtor's case should "be reopened and a trustee assigned to investigate whether the concealed assets could be liquidated to pay creditors." On December 10, 2008, the Court granted the United States Trustee's motion to reopen, and David Simon was appointed as Chapter 7 trustee. On February 3, 2009, and May 11, 2009, the Chapter 7 trustee filed interim reports indicating that he was still investigating whether the criminal restitution order was an asset that could provide funds for the benefit of the debtor's creditors.

At the same time, U.S. District Judge Sara Lioi issued several orders as a result of the debtor violating several conditions of her probation, resulting in the debtor being incarcerated for a period of six months beginning in June of 2009.

On January 14, 2010, the debtor filed a motion to dismiss her bankruptcy case.  On January 18, 2010, the Chapter 7 trustee filed a notice of proposed abandonment of the estate's restitution claim against the debtor in the amount of $14,747.05, indicating:  "The debtor does not have an apparent ability to pay the claim within a reasonable period of time."

On February 23, 2010, the Court heard argument on the debtor's motion to dismiss.  The Chapter 7 trustee and the United States Trustee both indicated that they had no objection to the case being reclosed, but opposed dismissal because of concern that the dismissal might have the effect of vacating the denial of the debtor's discharge.  At no time during the hearing did the debtor advise the Court that she had filed a request for a tax refund for her 2008 taxes, or that the refund had been frozen as a result of the outstanding criminal restitution order.  On February 24, 2010, the Court denied the debtor's motion to dismiss and directed the clerk to reclose the debtor's case pursuant to 11 U.S.C. § 350.

On February 24, 2010, the Chapter 7 trustee filed an emergency motion to reopen the case and a motion to vacate his prior abandonment of the estate's restitution claim against the debtor.  As grounds for his motions, the Chapter 7 trustee asserted that, unbeknownst to him, the debtor had a 2008 tax refund of approximately $6,000 which had been frozen as a result of the outstanding criminal

4

restitution order. The Chapter 7 trustee indicated that he learned of this refund only after the debtor went to the U.S. Attorney's office in February of 2010 in an attempt to claim the refund based upon the filing of the notice of abandonment. On March 2, 2010, the Court heard argument on the Chapter 7 trustee's motions and took both motions under advisement.

DISCUSSION

A bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Although the standard to reopen a case is a relatively low threshold to meet, the moving party must establish that cause exists. In this instance, the Chapter 7 trustee seeks to reopen the case in order to pursue recovery of an asset that he previously abandoned. Thus, the decision to reopen hinges on the merits of the Chapter 7 trustee's motion to vacate his notice of abandonment. As this Court explained in *Belfance v.Gaither*, Adv. No. 09-1172 (Bankr. N.D. Ohio Jan. 4, 2010), once property has been abandoned by the trustee, it cannot be "un-abandoned" simply because the trustee later realized that an asset had more value than the trustee initially surmised. *See Kloian v. Kelley (In re Kloian),* 115 Fed. Appx. 768, 769 (6th Cir. 2004); *Russell v. Tadlock (In re Tadlock),* 338 B.R. 436, 439 (B.A.P. 10th Cir. 2006); *Vasquez v. Adair (In re Adair),* 253 B.R. 85, 89-90 (B.A.P. 9th Cir. 2000); *In re Keller*,

5

229 B.R. 900, 902-04 (Bankr. S.D. Ohio 1998); *In re Ozer*, 208 B.R. 630, 633 (Bankr. E.D.N.Y. 1997); *In re Gracyk*, 103 B.R. 865, 867 (Bankr. N.D. Ohio 1989). " 'Thus, abandonment constitutes a divestiture of all of the estate's interests in the property.' " *In re Keller*, 229 B.R. at 902 (*quoting* Collier of Bankruptcy, § 554.02[3], p. 554-55 (15th ed. 1998)).

In the present case, the asset abandoned by the Chapter 7 trustee is the estate's right to collect funds pursuant to the U.S. District Court's criminal restitution order. The debtor's right to a tax refund for the 2008 tax year, however, is a postpetition asset that is not property of the debtor's estate and is not an asset that the debtor had a duty to disclose voluntarily to the Chapter 7 trustee. The Chapter 7 trustee has stated that, as a result of the debtor's incarceration, the debtor did not have an apparent ability to pay the restitution claim within a reasonable period of time. The Chapter 7 trustee did not offer any other reasons for his decision to abandon the asset and now wishes to "un-abandon" the right to collect because the debtor has the ability to pay a substantial portion of the restitution.

Absent evidence that the debtor's own conduct induced the Chapter 7 trustee to file his notice of abandonment, the Court is inclined to treat this case similar to that of *Belfance v.Gaither*, where the trustee essentially underestimated the value of the debtor's accounts receivable at the time of abandonment. That an insider

6

03-26845-aih    Doc 119    FILED 03/10/10    ENTERED 03/10/10 15:09:02    Page 6 of 8

allegedly later converted proceeds from the abandoned assets for her own benefit was irrelevant to the issue of whether the notice of abandonment had been procured through fraud or similar conduct. Thus, the question at issue here is whether the debtor engaged in fraud or bad faith to procure the notice of abandonment.

By way of example, if the Chapter 7 trustee simply exercised his own judgment, based on the debtor's recent incarceration, to abandon any further efforts to collect the restitution award, then the Court would not permit him to vacate his notice of abandonment. On the other hand, if the Chapter 7 trustee conducted a Rule 2004 examination of the debtor and the debtor intentionally misled the Chapter 7 trustee about her ability to pay and her filing for a tax refund, then the Court would find good cause to reopen the case yet again and vacate the notice of abandonment.

Accordingly, the Court will hold in abeyance the Chapter 7 trustee's motions to reopen and to vacate the notice of abandonment pending the Chapter 7 trustee's decision on whether to request an evidentiary hearing. If by March 26, 2010, the Chapter 7 trustee does not file a request for an evidentiary hearing, both motions will be denied. If the Chapter 7 trustee requests an evidentiary hearing, the Court will issue an order scheduling the evidentiary hearing.

7

It is important to note that, even if the motion to reopen is denied, the frozen 2008 tax refund will not automatically be released to the debtor. While the debtor's bankruptcy case may be closed, the criminal restitution obligation remains unsatisfied. Whether the restitution order should be vacated or modified to reflect the closing of the bankruptcy case would be a matter for the U.S. District Court. For example, after hearing argument from the U.S. Attorney and the debtor, the U.S. District Court may well conclude that returning the funds to the debtor would be an improper windfall under the circumstances and direct that the funds be paid instead to a victim/witness or similar fund. In any event, such a matter would not be for this Court to determine.

CONCLUSION

For the foregoing reasons, the Chapter 7 trustee's emergency motion to reopen this Chapter 7 case and his motion to vacate his prior abandonment of the estate's restitution claim against the debtor will be held in abeyance until March 26, 2010, pending the Chapter 7 trustee's decision on whether to request an evidentiary hearing. If by March 26, 2010, the Chapter 7 trustee does not file a request for an evidentiary hearing, both motions will be denied. If the Chapter 7 trustee requests an evidentiary hearing, the Court will issue an order scheduling the evidentiary hearing.

IT IS SO ORDERED.